JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: **Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** Stephen DeTata

**DEFENDANTS** VERIZON WIRELESS PERSONAL COMMUNICATION, LP

**(b)** County of Residence of First Listed Plaintiff **Broward**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen DeTata 4331 SW 73 Terrace Davie, Fl. 33314
(954) 445-4737

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** *(See instructions):*
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE                                                    DOCKET NUMBER

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Plaintiff alleges Defendant violated 47 U.S.C. § 227 and FLA. STAT. §559.72 (7), §559.72 (9)
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE   August 1, 2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #         AMOUNT         IFP         JUDGE         MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF FLORIDA

STEPHEN DETATA

    Plaintiff,

Case No.:

-v-

VERIZON WIRELESS PERSONAL
COMMUNICATIONS, LP,

    Defendant.

## COMPLAINT

COMES NOW, Plaintiff, Stephen DeTata (hereinafter "Plaintiff"), and sues Defendants, VERIZON WIRELESS PERSONAL COMMUNICATION, LP, (hereinafter Verizon) and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 USC § 227, *et seq* (hereinafter "TCPA")and the Florida Consumer Protection Practices Act, Fla. Stat. § 559.55 *et seq* (hereinafter "FCCPA") and alleges:

## PRELIMINARY STATEMENT

This is an action for actual damages, punitive damages, statutory damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA")  47 U.S.C. § 227(b) (1) (A) (iii) and the Florida Consumer Collection Practices Act (hereinafter the "FCCPA"), FLA. STAT. §559.72 (7), §559.72 (9); and for declaratory judgment and injunctive relief in equity.

Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant. Plaintiff intends to propound discovery to Defendant identifying other individuals who have suffered similar violations.

Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged debt.

The FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

The TCPA was enacted to prevent companies like Verizon from invading American citizen's privacy and prevent abusive "robo calls". "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls" *Mims v Arrow Fin. Srvs., LLC*, US 132 S.Ct 740, 745, 181 L.Ed. 2d 881 (2012). The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A). The TCPA sponsor , Senator Hollings, described these calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robo calls.  The FCC received more than 215,000 TCPA complaints in 2014." <u>Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robo Calls, Texts to</u>

Wireless Phones, Federal Communications Commission, (May 27, 2015),

http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf

## JURISDICTION AND VENUE

1. This is an action for damages which exceed $45,000.00.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3), as this case presents a Federal question. Supplemental jurisdiction exists for pendant state law claims pursuant to 28 U.S.C. § 1367(a), 15 U.S.C. §1681p, 15 U.S.C. §1692k and by Fla. Stat. §559.77. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

4. The alleged violations described in the Complaint occurred in Broward County, Florida.

## PARTIES

5. At all times relevant to this Complaint, Plaintiff, Stephen DeTata, (hereinafter "Plaintiff") is a natural person as defined by 47 U.S.C. § 153(32) over the age of eighteen and is a resident of Broward County in the State of Florida.

6. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (954) 445-4737, and was the called party and recipient of Defendant's hereafter described calls.

7. Plaintiff is a debtor and/or an alleged debtor as defined by section 559.55(2), Florida Statutes.

8. Plaintiff is a "consumer" as that term is defined in Florida Statues § 559.55(8)

9. Plaintiff as the sole owner, possessor, subscriber, and user of the cellular phone number (954) 445-4737 is the "called party" with respect to the calls placed to his cellular phone, as further described herein. See *Soppet v. Enhanced Recovery Co., LC*, 679 F.d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

10. Upon information and belief Defendant, Verizon was and is a foreign corporation, with its principle place of business located at 1 Verizon Way, Basking Ridge, NJ 07920 and which conducts business in the State of Florida through its registered agent, CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida, and is authorized to do business in the State of Florida.

## GENERAL ALLEGATIONS

11. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6)

13. At all times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes, Section 559.55 and 15 U.S.C. Section 1692a(2).

14. At all times herein, Defendant attempted to collect an alleged debt from Plaintiff through a campaign of automated telephonic "robocalls" originating from an "automatic telephone dialing system" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

15. Verizon intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times per day and on back to back days with such frequency as can be reasonably expected to harass.

16. Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live telephone employee.

17. Each call Verizon made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)

18. Each call Verizon made to Plaintiff's aforementioned cellular phone number was done so without the "express permission" of Plaintiff and were not for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).27.

19. At all times herein, Defendants acted themselves or through their agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20. Each call the Defendant made to the Plaintiff was an intentional and willful violation of the TCPA.

21. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

22.     Verizon called Plaintiff's cellular phone number approximately 35 (THIRTY-FIVE) times, or more, using an automated dialing system, initiating "robo-calls", starting the first week of June 2015, in an attempt to collect a debt.

23.     All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

24.     On or around the first week in June of 2015, Plaintiff started receiving automated calls from Verizon in an attempt to collect a debt stemming from an account Plaintiff had with Verizon for wireless services.

25.      On or about the second week of June 2015 Plaintiff spoke with a representative named Jamie from Verizon in order to cancel the account. Plaintiff asked Verizon representative Jamie to cease and desist all further calls to his cellular phone number and to forward a paper statement reflecting the balance owed. Plaintiff gave Representative Jamie his current mailing address. Yet the calls continued coming.

26.      Throughout the month of June 2015, Plaintiff continued to get multiple automated calls per day from Verizon. Plaintiff never received a paper statement reflecting balances owed that he requested from Defendant.  Plaintiff again responded to one of the calls and spoke to a representative from Verizon named Paul. Plaintiff explained to Paul that he already requested there be no more calls made to this number with regards to the collection of the alleged debt owed to Verizon.  Plaintiff also explained that he no longer wanted the service and requested again to cancel the account.

27.     Plaintiff continued to receive automated calls from Verizon, a number of them stating that he should "remain on the line to discuss your payment options to avoid wireless service

6

interruption." On July 17th 2015 Plaintiff spoke with a representative from Verizon as the automated calls were becoming overwhelming, and the calls came multiple times in a single day on back to back days.  A representative named Beth came on the line and advised Plaintiff that the outstanding balance was $125.00.  Plaintiff asked why the amount was so high since the monthly charge was only $35.00 and Plaintiff allegedly only owed for one month.  Representative Beth told Plaintiff that he owed for June and July and was being charged a $50.00 reconnect fee. Plaintiff then informed Defendant representative Beth that he was disputing the debt and no longer wanted the service, and in fact already told several Verizon representatives that he was canceling the service as of last month. Once again Plaintiff asked that all phone calls to his cellular number cease immediately.

28. Despite Plaintiff's clear and repeated requests to stop calling, Verizon continued to assault Plaintiff's cellular phone with automated calls, up to four (4) calls a day. Plaintiff intends to procure a detailed phone log through a court order.

29. Verizon has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals, just as it did to Plaintiff's cellular telephone number (954) 445-4737 in the instant case.

30. Verizon's corporate policy is structured so as to continue to call individuals, such as the Plaintiff, and ignore all requests from the individual to cease and desist the telephonic communication.

31. Verizon has numerous complaints against them from consumers across the country. As in the instant case, Verizon flouts the law and completely ignores consumer's request to stop the automated phone calls.

32. Verizon has a corporate policy to harass and abuse individuals despite actual knowledge

the called parties do not owe or are disputing the actual debt amount.

33. Plaintiff did not expressly consent to Verizon's placement of telephone calls to Plaintiff's cellular telephone number (954) 445-4737 by the use of an automated telephone dialing system or a pre-recorded or artificial voice prior to Verizon's placement of calls.

34. Not a single call placed by Verizon to Plaintiff's aforementioned cellular phone number were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

35. Verizon willfully and/or knowingly violated the TCPA with respect to the calls it placed to Plaintiff in the instant case.

## COUNT I
## VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT 47 U.S.C. § 227

36. Paragraphs one (1) through thirty-five (35) are re-alleged as though fully set forth herein.

37. The calls referred to in ¶ 20 of the instant complaint are indicative of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a) (1).

38. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1). The calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

39. Calls placed by Defendant to Plaintiff's aforementioned cellular telephone number were made without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

40.     Defendant has willfully and/or knowingly committed at least 35 violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

41.     The TCPA provides Plaintiff with a Private Right of Action against Defendant for its violations of the TCPA, as described herein, pursuant to 47U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages and treble statutory damages if the court finds the Defendant willfully or knowingly violated the regulations prescribed in the TCPA.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and requests this Court enter a judgment against Defendant VERIZON WIRELESS PERSONAL COMMUNICATION, LP, for actual damages, statutory damages, punitive damages, attorney's fees and costs such other equitable relief this Court deems just and proper pursuant to 47 U.S.C. §227(b)(3)(C).

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72(7) AND §559.72(9)

42.     Paragraphs one (1) through thirty-five (35) are re-alleged as though fully set forth herein.

43.     At all times relevant to this action Verizon is subject to and must abide by the laws of the State of Florida, including Florida Statutes § 559.72.

44.     Verizon has violated the Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

45.     Verizon has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

46. Verizon has violated Florida Statutes § 559.72(9), by claiming, attempting or threatening to enforce a debt when such person knows the debt is not legitimate or asserting the existence of the right with knowledge that the right does not exist.

47. Specifically, even after Plaintiff spoke with multiple employees of Defendant on multiple occasions explaining the alleged debt was incorrect, the Defendant continued with their harassing automated phone calls in an attempt to collect an incorrect amount on an alleged debt. Plaintiff asked Defendant on multiple occasions to provide the basis of the alleged debt yet was ignored and harassed with automated phone calls spanning the course of several months.

48. Verizon's actions of calling Plaintiff continuously and regularly day after day, multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff which was the intent of Defendant in order to illicit payment from Plaintiff for the alleged debt.

49. Verizon's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

50. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

51. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent violation plus actual damages, punitive damages, and an award of attorneys' fees, and costs to Plaintiff should Plaintiff prevail in this matter against Defendants.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and requests this Court enter a judgment against Defendant VERIZON WIRELESS PERSONAL COMMUNICATION, LP, for actual damages, statutory damages, punitive damages, attorney's

fees and costs such other equitable relief this Court deems just and proper pursuant to Florida Statutes §559.77 (2).

*/s/ Stephen DeTata*_____
Stephen DeTata, Fla. Bar No.:176291
DETATA LAW GROUP, P.A.
P.O. Box 292711
Davie, Florida 33329
(954) 445-4737
steve.detata@aol.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this _____ day of _____ 2016 by U.S. Mail delivery to:

CT Corporation Systems
1200 South Pine Island Road
Suite 250
Plantation, Florida 33324

*/s/ Stephen DeTata*_____
Stephen DeTata,
Fl Bar No.:176291
For the Firm
DETATA LAW GROUP, P.A.
P.O. Box 292711
Davie, Florida 33329
(954) 445-4737
steve.detata@aol.com

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

STEPHEN DETATA

      Plaintiff,

                                             Civil Action No.

      V.

VERIZON WIRELESS PERSONAL
COMMUNICATIONS, LP.

      Defendant.
_____/

**SUMMONS IN A CIVIL ACTION**

VERIZON WIRELESS PERSONAL
COMMUNICATIONS, LP.        By Serving Registered Agent:

CT Corporation Systems
1200 South Pine Island Road
Suite 250
Plantation, FL. 33324

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff s attorney, whose name and address are:

      Stephen DeTata, Esq.
      P.O. Box 292711
      Davie, FL. 33329

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: _____ 2016                By:_____
                                                                           Deputy Clerk